19 C.V
81698

FILED BY_____D.C.
AUG 28 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

I do apologize for being late and hope that my apology be accepted as i explain. Because i am in the SHU (Special Housing Unit) for 2 crimes i was accused and charged with, though i did not committ them. ① I was charged with posession of a cellphone, which another inmate in another pod was found with and charged for posession of a hazardouse tool along with 2 others like myself for having what they accused me of as a self-made photo (selfy). I was honest and told them someone took the picture that i sent to my daughter. To prove how one abuses power, because i was honest and could not be charge, they formed a strategy to try and say i did admitt to having posession and authority of the phone to prove me guilty. ② My cell mate was using my storage box where he placed water, potatoe, orange and sugar and bread in for 3 days when it was discovered by an officer. The Consular asked him who is it? he said not his, i was asked the same and said not mines. They knew it was not mine and the guy had a previouse inscodent of the same, but they insisted that the Box was asigned to me and it was under my bed, which already makes me guilty, so that is my reason for owning it, which points out how we miss the "Truth". I know it is a Spiritual Warfare going on.

I recieved the mail on 8/12/20 and that same day Commissary came which i had to wait until the following thursday to recieve Commissary again. Monday i spoke with the Warden Mr Angel explaining that i have a deadline to respond to the court and i cannot wait on the Commissary to get stamps and envelope because other inmates do not have any to lend me. I gave him my list and waited for him to return, which he never did. Commissary came thursday 20th and did not bring anything for me and refused to speak with me. Friday I saw Mr Angel who again took my list around 11:30AM to return with my envelope and stamp and still don't see him as yet returned. After speaking with one of my Councelors Saturday, she says she would try assist me Sunday with an envelope and stamp to mail the letter Monday Morning. I did my best to be humble, Patient and obedient, while i felt like a piece of paper with an important information on it being torn to pieces, destroying the evidence. Throughout my torments, God has comforted me in the most astonishing ways, which has kept my eyes and Heart fixed towards him, rejoicing through the pain and struggle, trusting in him to overcome, as i endure to finish and have Victory.

BP-A0304　　　　　　　　　**DISCIPLINE HEARING OFFICER REPORT**　　CDFRM
JAN 17

**U.S. DEPARTMENT OF JUSTICE**　　　　　　　　　　　　　　　　　　　**FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Institution: McRae Correctional Facility | Incident Report Number: 3408570 |
| Name Of Inmate: Watson, Donald Nehemiah | REG.NO.: 19962-104　　Unit: Grant |
| Date of Incident Report: 06-26-2020 | Offense Code: 108 |
| Date of Incident: 03-19-2020 | |

Summary of Charges:
Possession of a Hazardous Tool

I.　NOTICE OF CHARGE(S)

　　A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) __06/26/2020__ at (time) __1148__ (by staff member) __A. Burns, Lt.__

　　B. The DHO Hearing was held on (date) __07/07/2020__ at (time) __1212__

　　C. Inmate was advised of the rights before the DHO by (staff member) __N. Huerta, Unit Manager__ on (date) __07/01/2020__ and a copy of the advisement of rights form is attached.

II.　STAFF REPRESENTATIVE

　　A. Inmate waived right to staff representative. Yes ✓ No ___

　　B. Inmate requested staff representative and __N/A__ appeared.

　　C. Staff Representative's Statement:
　　　 N/A

　　D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:
　　　 N/A

　　E. Staff representative __N/A__ was appointed.

III.　PRESENTATION OF EVIDENCE

　　A. Inmate admits to the charge(s).

　　B. Summary of Inmate Statement:
　　　 Inmate Watson, Donald Nehemiah, Reg. No. 19962-104 initially denied the charge against him at the beginning of the DHO Hearing on July 7, 2020 and made the following statement, "Someone took the pictures of me. I didn't take the pictures". Later however, admitted to the charge and stated "I took the pictures of myself to send home to my daughter". *Lies, you said i say this. When was it to whom i sent the pictures?*

　　C. Witnesses:
　　　 1. Inmate waived right to witnesses. Yes ✓ No ___

　　　 2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):
　　　　　N/A

　　　 3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):
　　　　　N/A

　　　 4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below):
　　　　　N/A

　　D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:
　　　 -(2) Two photographs of inmate Watson, Donald Nehemiah, Reg. No. 19962-104 retrieved from the confiscated cell phone that was discovered in Grant Unit A-Pod on April 25, 2020.
　　　 -Intake Screening photograph from the Offender Management System (OMS), which was used to identify inmate Watson, Donald Nehemiah, Reg. No. 19962-104 by the Investigation Department.

-Memorandum dated June 11, 2020 to Jared Collins, Intelligence Analyst from Investigation Officer B. Herndon requesting analysis from the ZTE brand touchscreen cell phone that was discovered in Grant Unit A-Pod on April 25, 2020.

|  |  |  |
|---|---|---|
| E. | Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:<br>N/A | |
| IV. | FINDINGS OF THE DHO | |
|  | ✓  A. The act was committed as charged. | ___  C. No prohibited act was committed: |
|  | ___  B. The following act was committed: | Expunge according to Inmate Discipline PS. |

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

Inmate Watson, Donald Nehemiah, Reg. No. 19962-104 was advised of his rights and his right to appeal the decision of the DHO at the start of the hearing on July 7, 2020. Inmate Watson stated he understood his rights and the hearing proceeded.

The following is a detailed narrative concerning the progression of the incident report:
MCA staff became aware of the incident on 06-18-2020. The report was written on 06-18-2020 and the inmate was given a copy. On 06-23-2020 the UDC was conducted and referred the report to the DHO due to the severity of the offense. On 06-26-2020 the report was suspended and returned to the reporting staff for corrections. On 06-26-2020 the report was corrected and you were given a copy of the revised report. On 06-30-2020 the UDC Delay Form was signed by Acting Warden M. Foreman and you were given a copy on 07-01-2020. On 07-01-2020 the UDC was conducted and referred the report to the DHO due to the severity of the offense.

The DHO read the following description of the incident report from the body of the incident report, "On April 25, 2020, staff discovered an inmate housed in Grant Unit, A-Pod, in the possession of a ZTE Cellular Telephone. On June 11, 2020, the noted phone was transfered into the custody of the CoreCivic Facility Support Center for a forensic examination of the device to be conducted using the CelleBrite UFED Analyzer. On June 18, 2020, at approximately 13:30 pm, SIS staff reviewed the downloaded UFED Reader file. During a review of the "Table View", it was discovered that there were two (2) self-made pictures (selfies) of inmate Watson, Donald Nehemiah, Reg. No. 19962-104, saved onto the telephone. The noted pictures which were taken within the confines of McRae Correctional Facility on March 19, 2020 show inmate Watson looking directly at the camera and posing for the photographs. On June 18, 2020 based on the discovery of the noted pictures, I, Intelligence Officer L. Ross verified the identity of the inmate as being that of inmate Watson, Donald Nehemiah, Reg. No, 19962-104. This report is a rewrite of a previously written report. End of Statement". *[handwritten: 5days passed. Their mistake was not suppose to be correct after expired and extended DHO is independent (BOP) UDC has no connection with (BOP) Unprofessionalism, Corruption]*
Inmate Watson, Donald Nehemiah, Reg. No. 19962-104 initially denied the charge against him at the beginning of the DHO Hearing on July 7, 2020 and made the following statement, "Someone took the pictures of me. I didn't take the pictures". Later however, admitted to the charge and stated "I took the pictures of myself to send home to my daughter".

Inmate Watson, Donald Nehemiah, Reg. No. 19962-104 requested no witnesses and no staff representative to appear at the DHO Hearing on July 7, 2020. *[handwritten: Look at my Id picture you would see my right arm also droped, making it self-made]*
The pictures obtained from the forensic examination of the confiscated cell phone on April 25, 2020 were clear and obvious self made pictures of yourself from the inside of a correctional facility, specifically McRae Correctional Facility. This fact was substantiated by a review of the BOP program, SENTRY, which indicates that you arrived at McRae Correctional Facility on November 21, 2019 and the noted pictures were taken and created as early as March 19, 2020. The pictures were compared with your intake screening form from the Offender Management System (OMS), and you were clearly identified as being in the pictures. During the DHO hearing on July 7, 2020 you initially denied having possession of the cell phone and stated that someone else took the pictures. During the hearing, the DHO asked you if you were right or left handed and you stated "right-handed". The DHO then stated that when an individual possesses a cellular phone and proceeds to take a self-made photo (selfie), the arm and hand that grips the phone is extended which usually causes the corresponding shoulder to drop slightly. The self-made pictures that were discovered on the cell phone clearly display your right shoulder dropping slightly as the photos were taken. After this notation was presented to you, you then admitted that you did in fact take the photos yourself. In addition, possession is defined not only of

having an item on your person or in your hands, but also as having physical dominion and control over an item or property. This also proves that you did in fact have possession of the confiscated cell phone at some time as you are clearly leaning into the cell phone, looking directly at the camera, and taking the self-made pictures that were later discovered by the Investigation Department. Based on the written statement of the reporting staff member, the documentary evidence provided with this report, along with your admission that you did in fact take pictures of yourself to send to your family, the DHO finds that you committed the prohibited act of code 108-Possession of a Hazardous Tool. It is my decision that the documentation and some facts of evidence presented support a finding of guilt of Code 108, Possession of a Hazardous Tool.

As a result of this decision, a Bureau of Prison (BOP) staff member will review this case and will certify all sanctions regarding a loss of Good Conduct Time (GCT and/or NVGCT).

VI.   SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act)
Code 108
Disallowance of 41 Days of Good Conduct Time
Forfeiture of 30 Days Non Vested Good Conduct Time

VII.   REASON FOR EACH SANCTION OR ACTION TAKEN
You were advised during the DHO hearing that any good conduct time sanction may change after a review by the BOP. Each inmate assigned to this institution is obligated to obey the set and posted rules and regulations. By violating the rules and regulations you failed to uphold your obligations while assigned at this facility. Behavior of this nature jeopardizes the safety of both inmates and staff. If this type of behavior went without corrective action it would encourage other inmates to do the same, which in turn would breakdown, the orderly running of the facility. The action/behavior on the part of any inmate to use and possess a hazardous tool threatens not only the health, safety, and welfare of himself, but that of all other inmates and staff within the institution.

Therefore, in accordance with P.S. 5270.09, Inmate Discipline Program, for violation of Code 108, Possession of a hazardous tool, sanctions include 41 days disallowance of Good Conduct Time (GCT) and 30 Days Forfeiture of Non Vested Good Conduct Time. P.S. 5270.09 recommends a loss of 75% of available GCT of a PLRA sentenced inmate found to have committed a 100 category prohibited act. The additional 30 days of Non Vested Good Conduct Time was forfeited due to the serious nature of the offense, and the amount of increase of cellular phones and accessories that have been discovered within the institution. The DHO hopes that the sanctions will motivate you toward more self-discipline in the future.

VIII.   APPEAL RIGHTS    YES    The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action.  The inmate has been advised of his right to appeal this action within 30 calendar days under the Administrative Remedy Procedure.  A copy of this report has been given to the inmate.

IX.   Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| Sammy Spell | *Sammy Spell* | 07/08/2020 |

DHO Report Delivered to Inmate by:

| Printed Name of Staff | Signature of Staff | Date and Time Delivered |
|---|---|---|
| S. Spell | *S. Spell* | 7-9-2020  1020 hrs. |

BP-A0288
JAN 17

**INCIDENT REPORT**

**U.S. DEPARTMENT OF JUSTICE**      **FEDERAL BUREAU OF PRISONS**

### Part I - Incident Report

| 1. Institution: McRae Correctional Facility | Incident Report Number: 3422433 | |
|---|---|---|
| 2. Inmate's Name: Watson, Donald | 3. Register Number 19962-104 | 4. Date of Incident: 8/6/2020 | 5. Time: 1634 |
| 6. Place of Incident: Grant C-pod cell 201 | 7. Assignment: OR G E4 | 8. Unit: Grant |
| 9. Incident: Possession of a narcotic, drugs or alcohol not prescribed. | 10. Prohibited Act Code(s) 113 | |

**11. Description of Incident** (Date: 8/6/2020 Time: 1634 Staff became aware of incident):

On 8/6/2020 at 1634 hours, I Correctional Counselor T. Fordham was conducting a cell search in Grant Unit C pod cell 201. I discovered approximately 20 gallons of a brownish unknown liquid with pieces of orange pulp in a plastic bag that had a strong odor of alcohol in a gray property box. The property box was under the lower bunk and is assigned to inmate Watson, Donald # 19962-104(G03-201L). I secured cell 201 and notified the shift supervisor Lt. A. Wright. Inmate Watson was questioned by Lt. A. Wright and claimed ownership of the substance. The substance was tested at 1700 hours by Lt. Wright using the Alco Blow Intoxilizer which resulted in a red indicator light signaling a positive result for alcohol content of .02% or above. A confirmation test was conducted at ~~1705~~ by Lt. A. Wright which resulted in a red indicator light signaling a positive result for alcohol content of .02% or above. End of statement. 1715 TF

*Water, Sugar, Orange, Bread, Potatoe are not illegal and do not contain alcohol.*

| 12. Typed Name/Signature of Reporting Employee: T. Fordham/ *T. Fordham* | 13. Date And Time: 8/6/2020-1719 |
|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature): Lt A Wright / *Lt A Wright* | 15. Date Incident Report Delivered: 8/6/20 | 16. Time Incident Report Delivered: 1805 hrs |

### Part II - Committee Action

**17. Comments of Inmate to Committee Regarding Above Incident:**
*Inmate stated no comment, it was in my box under my bed I take responsibility. "Since you already accused me."*

| 18. A. It is the finding of the committee that you: ___ Committed the Prohibited Act as charged. ___ Did not Commit a Prohibited Act. ___ Committed Prohibited Act Code(s). _____ | B. ✓ The Committee is referring the Charge(s) to the DHO for further Hearing. C. ___ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days. |
|---|---|

**19. Committee Decision is Based on Specific Evidence as Follows:**
*Due to severity of offense referring to the DHO for further disposition not at UDC level.*

**20. Committee action and/or recommendation if referred to DHO** (Contingent upon DHO finding inmate committed prohibited act):
*UDC recommendation to the DHO for code 113. 41 days loss of good conduct time, 60 days loss of commissary, Change quarters to open dorm.*

**21. Date and Time of Action:** 8/12/2020 / 0810 hrs (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

*A. Huerta* / *signature*

Chairman (Typed Name/Signature)      Member (Typed Name)      Member (Typed Name)

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

Distribute: Original-Central File Record; COPY-1-DHO: COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation

WD      Prescribed by P5270      Replaces BP-A0288 of AUG 11

202-2186

BP-A0288
JAN 17
**U.S. DEPARTMENT OF JUSTICE**

**INCIDENT REPORT**

**FEDERAL BUREAU OF PRISONS**

### Part I – Incident Report

| 1. Institution: McRae Correctional Facility | | Incident Report Number: 3408570 | |
|---|---|---|---|
| 2. Inmate's Name: Watson, Donald Nehemiah | 3. Register Number: 19962-104 | 4. Date of Incident: March 19, 2020 | 5. Time: 21:50 pm |
| 6. Place of Incident: SIS Office | 7. Assignment: G-Unit Orderly (1600-2300) | | 8. Unit: Grant Unit |
| 9. Incident: Possession of hazardous Tool | | 10. Prohibited Act Code (s): 108 | |

11. Description of Incident (Date: 06-18-2020   Time: 13:30 pm   Staff became aware of incident):

On April 25, 2020, staff discovered an inmate housed in Grant Unit, A-Pod, in the possession of a ZTE Cellular Telephone. On June 11, 2020, the noted phone was transferred into the custody of the CoreCivic Facility Support Center for a forensic examination of the device to be conducted using the CelleBrite UFED Analyzer. On June 18, 2020, at approximately 13:30 pm, SIS staff reviewed the downloaded UFED Reader file. During a review of the "Table View", it was discovered that there were two (2) self-made pictures (selfies) of inmate Watson, Donald Nehemiah, Reg. No. 19962-104, saved onto the telephone. The noted pictures which were taken within the confines of McRae Correctional Facility on March 19, 2020 show inmate Watson looking directly at the camera and posing for the photographs. On June 18, 2020, based on the discovery of the noted pictures, I, Intelligence Officer L. Ross verified the identity of the inmate as being that of inmate Watson, Donald Nehemiah, Reg. No. 19962-104. This report is a rewrite of a previously written report. End of Statement.

*This should be sponged. Anything expired has no use, has to be thrown away. UDC do not suppose to receive authority from DHO to proceed. DHO is a private department by (BOP)*

| 12. Typed Name/Signature of Reporting Employee: L. Ross / [signature] | 13. Date And Time: June 26, 2020 10:00 am | |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature): A. Burns / [signature] | 15. Date Incident Report Delivered: 6/26/20 | 16. Time Incident Report Delivered: 1148 |

### Part II – Committee Action

17. Comments of Inmate to Committee Regarding Above Incident:

*Inmate stated "I do not deny the photos but I never had the telephone in my hands. In order to have possession of the telephone you would have to have it in your hands. I never had it."*

18. A. It is the finding of the committee that you:
- [ ] Committed the Prohibited Act as charged:
- [ ] Did not Commit a Prohibited Act.
- [ ] Committed Prohibited Act Code (s). _____

B. [✓] The Committee is referring the Charge(s) to the DHO for further Hearing
C. [ ] The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is Based on Specific Evidence as Follows:

*Due to severity of offense referring to the DHO for further disposition not at UDC level*

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

*UDC recommendation to the DHO for code 108: 41 days loss of good conduct time*

21. Date and Time of Action: 6-71-2020 / 0838 hrs. (The UDC Chairman=s signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

| [signature] N. Huerta / Huerta | | |
|---|---|---|
| Chairman (Typed Name/Signature): | Member (Typed Name): | Member (Typed Name): |

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

Distribute: Original-Central File Record; COPY-1-DHO; COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation

PDF                                Prescribed by P5270                           Replaces BP-A0288 of AUG 11

BP-A0288
JAN 17
**U.S. DEPARTMENT OF JUSTICE**

**INCIDENT REPORT**

**FEDERAL BUREAU OF PRISONS**

### Part I – Incident Report

| | | | |
|---|---|---|---|
| 1. Institution: McRae Correctional Facility | | Incident Report Number: 3408570 | |
| 2. Inmate's Name: Watson, Donald Nehemiah | 3. Register Number: 19962-104 | 4. Date of Incident: March 19, 2020 | 5. Time: 21:50 pm |
| 6. Place of Incident: SIS Office | 7. Assignment: G-Unit Orderly (1600-2300) | | 8. Unit: Grant Unit |
| 9. Incident: Possession of hazardous Tool | | 10. Prohibited Act Code (s): 108 | |

11. Description of Incident (Date: 06-18-2020     Time: 13:30 pm     Staff became aware of incident):

On April 25, 2020, staff discovered an inmate housed in Grant Unit, A-Pod, in the possession of a ZTE Cellular Telephone. On June 11, 2020, the noted phone was transferred into the custody of the CoreCivic Facility Support Center for a forensic examination of the device to be conducted using the CelleBrite UFED Analyzer. On June 18, 2020, at approximately 13:30 pm, SIS staff reviewed the downloaded UFED Reader file. During a review of the "Table View", it was discovered that there were two (2) self-made pictures (selfies) of inmate Watson, Donald Nehemiah, Reg. No. 19962-104, saved onto the telephone. The noted pictures which were taken within the confines of McRae Correctional Facility on March 19, 2020 show inmate Watson looking directly at the camera and posing for the photographs. On June 18, 2020, based on the discovery of the noted pictures, I, L. Ross verified the identity of the inmate as being that of inmate Watson, Donald Nehemiah, Reg. No. 19962-104.
End of Statement.

| 12. Typed Name/Signature of Reporting Employee: L. Ross / *(signature)* | 13. Date And Time: June 18, 2020 14:30 pm | |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature): Lt A Wright / *(signature)* | 15. Date Incident Report Delivered: 6/18/20 | 16. Time Incident Report Delivered: 1550 hrs. |

### Part II – Committee Action

17. Comments of Inmate to Committee Regarding Above Incident:

*Inmate stated "I do not deny the photos, but I never had the telephone on my hands. In order to have possession of the telephone you would have to have it in your hand. I never had it."*

18. A. It is the finding of the committee that you:
   ☐ Committed the Prohibited Act as charged:
   ☐ Did not Commit a Prohibited Act.
   ☐ Committed Prohibited Act Code (s). _____

B. ☑ The Committee is referring the Charge(s) to the DHO for further Hearing
C. ☐ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is Based on Specific Evidence as Follows:

*Due to severity of offense referring to the DHO for further disposition not at UDC level.*

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

*UDC recommends to DHO for code 108 27 days loss of good conduct time.*

21. Date and Time of Action: 6-23-2020 / 1423 (The UDC Chairman=s signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

*N. Huerta* / *(signature)*
Chairman (Typed Name/Signature):        Member (Typed Name):        Member (Typed Name):

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

Distribute: Original-Central File Record; COPY-1-DHO: COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation

PDF                     Prescribed by P5270                     Replaces BP-A0288 of AUG 11

Donald Nehemiah Watson 19962-104
McRae
Correctional Institution/McRae Correctional Facility
Post office Drawer 55
McRae Helena, GA 31055

CONFIDENTIAL

This correspondence originated from McRae Correctional Facility. Said facility is not responsible for the substance or contents.

Southern District Court of Florida
Office of the Clerk Room 8N09
400 North Miami Avenue
Miami, Florida 33128-7716





McRae Correctional Facility
McRae, Georgia 31055

The enclosed letter was processed through mailing procedures for forwarding to you. The letter has thus neither been opened nor inspected.
If the writer raises questions or problems over which this facility has no jurisdiction, you may wish to return the material with information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

USMS
INSPECTED BY ___ STAFF
DATE 8-8-20
RECEIVED
AUG 28 2020
12:59 PM